

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 2 3 2020
CLERK, U.S. DISTRICT COURT
By_____
     Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOSEPH WALTON WALLACE, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:19-CV-276-A |
| | § | |
| LORIE DAVIS, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION**
**and**
**ORDER**

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Joseph Walton Wallace, a state prisoner incarcerated in the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ) against Lorie Davis, Director of TDCJ, respondent. After having considered the pleadings, state-court records, and relief sought by petitioner, the court has concluded that the petition should be denied.

## I. Factual and Procedural History

In July 2017 petitioner was indicted in Tarrant County, Texas, Case No. 1504417D, for failing to comply with Texas's sex offender registration requirements. (Clerk's R. 5, doc. 18-2.) On August 18, 2017, pursuant to a plea agreement, petitioner pleaded guilty to the offense, a felony due to a prior conviction, and was placed on community supervision for ten years. (Id. at 18-24, 27.) In January 2018 the state filed a petition to revoke his

community supervision based on alleged violations of the conditions of his supervision. (Id. at 42.) On February 23, 2018, petitioner entered an open plea of "true" to the allegations and the trial court revoked his community supervision and sentenced him to five years' confinement in TDCJ. (Id. at 47-49, 54.) The judgment revoking community supervision was affirmed on appeal and, on February 27, 2019, the Texas Court of Criminal Appeals refused petitioner's petition for discretionary review. (Electronic R. 1, doc. 18-1.) Petitioner did not seek writ of certiorari or post-convicion state habeas-corpus relief. (Am. Pet. 3, doc. 12.) The originating document in this action was received for filing by the clerk of court on April 2, 2019, and subsequently amended to comply with the court's form requirements. (Pet., doc. 1; Am. Pet., doc. 12.)

## II. Issues

Petitioner raises the following three grounds for habeas relief:

  (1) Defective indictment;
  (2) Illegal sentence; and
  (3) Ineffective assistance of counsel on appeal.

(Am. Pet. 6-7, doc. 12.)

## III. Rule 5 Statement

Respondent believes that petitioner has failed to exhaust his state remedies as to his first ground and that it is procedurally barred however, without waiving the defense, asserts

that the claim is not cognizable on federal habeas review. She does not believe that the petition is barred by limitations or subject to the successive-petition bar. (Resp't's Answer 3-4, doc. 19.)

### IV. Standard of Review

A § 2254 habeas petition is governed by the heightened standard of review provided for by the Anti-Terrorism and Effective Death Penalty Act (AEDPA). 28 U.S.C. § 2254. Under the Act, a writ of habeas corpus should be granted only if a state court arrives at a decision that is contrary to or an unreasonable application of clearly established federal law as determined by the United States Supreme Court or that is based on an unreasonable determination of the facts in light of the record before the state court. *Harrington v. Richter,* 562 U.S. 86, 100-01 (2011); 28 U.S.C. § 2254(d)(1)-(2). This standard is difficult to meet and "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings." *Richter*, 562 U.S. at 102.

Additionally, the statute requires that federal courts give great deference to a state court's factual findings. *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct. It is the petitioner's burden to rebut the presumption of correctness through clear and

3

convincing evidence. 28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell,* 537 U.S. 322, 340 (2003); *Williams v. Taylor,* 529 U.S. 362, 399 (2000).

Furthermore, when the Texas Court of Criminal Appeals, the state's highest criminal court, denies relief without written order, typically it is an adjudication on the merits, which is likewise entitled to this presumption. *Richter,* 562 U.S. at 100; *Ex parte Torres,* 943 S.W.2d 469, 472 (Tex. Crim. App. 1997). In such a situation, a federal court "should 'look through' the unexplained decision to the last related state-court decision providing" particular reasons, both legal and factual, "presume that the unexplained decision adopted the same reasoning," and give appropriate deference to that decision. *Wilson v. Sellers,* 138 S. Ct. 1188, 1192 (2018). If there is no related state-court decision providing the court's reasoning, a federal court assumes that the state court applied the proper clearly established federal law to the facts of the case and then determines whether its decision was contrary to or objectively unreasonable application of that law. 28 U.S.C.A. § 2254(d)(1); *Virgil v. Dretke,* 446 F.3d 598, 604 (5th Cir. 2006).

## V. Discussion

### I. Defective Indictment

Under his first ground, petitioner claims that the indictment is "fundamentally defective because it fails to show

4

'F3' enhancements behind the failure to register as a sex offender." (Am. Pet. 6, doc. 12.) The Fifth Circuit has held that "[t]he sufficiency of a state indictment is not a matter of federal habeas relief unless it can be shown that the state indictment is so defective that it deprives the state court of jurisdiction." *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994) (citation omitted). That question, however, is foreclosed to federal habeas review if "the sufficiency of the [indictment] was squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case." *Millard v. Lynaugh*, 810 F.2d 1403, 1407 (5th Cir. 1987) (quoting *Liner v. Phelps*, 731 F.2d 1201, 1203 (5th Cir. 1984)).

In this case, the sufficiency of the indictment was "squarely presented" on appeal and to the Texas Court of Criminal Appeals on discretionary review. In the last reasoned opinion, the appellate court addressed the claim as follows:

> [Petitioner] argues that the indictment was fundamentally defective because it failed to allege when his duty to register expires and thus failed to allege facts sufficient to determine the level of offense charged.
>
> The filing of an indictment is necessary to vest the trial court with jurisdiction over a felony offense. "An indictment," as defined by the Texas Constitution, "is a written instrument presented to a court by a grand jury charging a person with the commission of an offense." "[T]o comprise an indictment within the definition provided by the constitution, an instrument must charge: (1) a person;

5

(2) with the commission of an offense." As the Court of Criminal Appeals has explained, "a written instrument is an indictment . . . under the Constitution if it accuses someone of a crime with enough clarity and specificity to identify the penal statute under which the State intends to prosecute, even if the instrument is otherwise defective."

> The indictment charged [petitioner] as follows:
>
> [Petitioner] . . . on or about the 6th day of July, 2017, in the county of Tarrant, State of Texas, did intentionally or knowingly fail to report to the local law enforcement authority with whom said Defendant is required to register once each year, namely: the Sheriff's Office of Tarrant County, Texas, and with whom said Defendant is registered under the Sex Offender Registration Program of Chapter 62, Texas Code of Criminal Procedure, and provide said law enforcement authority with Defendant's anticipated move date and new address not later than seven days before his intended change of address and the said Defendant had a reportable conviction or adjudication namely, sexual assault in cause number 13308 on the 30th day of June 1999, in the 43rd District Court of Parker County, Texas . . . .

It thus charged (1) a person [petitioner] (2) with the commission of an offense (failure to register). And it clearly and specifically identified the penal statute under which the State intended to prosecute [petitioner].

Nevertheless, [petitioner] argues that the indictment was "fundamentally defective" because it did not allege that [petitioner] was subject to lifetime registration and thus failed to indicate whether the charged offense was a state-jail felony or third-degree felony.

We disagree. The indictment states that [petitioner] had previously been convicted of sexual assault and, as a result, was obligated to register annually. Assuming without deciding that the indictment

6

> should have specifically alleged that [petitioner] was
> subject to lifetime registration, we hold that the
> indictment was not fatally defective. The allegation of
> an underlying sexual-assault conviction—an offense
> that, by definition, requires lifetime registration—was
> sufficient to inform [petitioner] of the level of
> offense charged. The indictment identifies the person,
> the offense, and the statute violated. It therefore
> satisfies the requirements of the Texas Constitution
> and properly vested the trial court with jurisdiction.

(Mem. Op. 5-7, doc. 18-6 (citations omitted).)

In turn, the Texas Court of Criminal Appeals refused his petition for discretionary review without written opinion, which, although not express, is a rejection of the claims on the merits. Clearly, the state courts determined that the indictment was sufficient to confer the trial court with jurisdiction. Consequently, the claim is foreclosed to federal habeas review.

**2. Illegal Sentence**

Under his second ground, petitioner claims that his sentence is illegal and that the trial court erred by convicting and punishing him for a third-degree felony, rather than a state jail felony. (Am. Pet. 6, doc. 12.) In the last reasoned opinion, the appellate court addressed the claim as follows:

> [Petitioner] argues that the trial court
> erroneously sentenced him for a third-degree felony
> because the charged offense was punishable as a
> state-jail felony. [Petitioner] contends that the trial
> court enhanced the offense to a third-degree felony and
> that the enhancement was erroneous because he had no
> prior convictions for failure to register.
>
> [Petitioner] misunderstands the basis of his
> conviction for third-degree-felony failure to register.
> The trial court's judgment of conviction is not for a

7

>state-jail felony enhanced to a third-degree felony. Rather, the trial court convicted [petitioner] of an offense that independently constituted a third-degree felony.
>
>Under [article 62.102(b)(2) of] the Code of Criminal Procedure, if the defendant has one prior conviction for a sexually violent offense and the defendant is required to verify registration once each year, then the offense of failure to register is a third-degree felony.
>
>The statute does not require that the prior offense be a failure to register; it only requires that the defendant had previously been convicted of a sexually violent offense that requires annual verification. It is undisputed that [petitioner] has one prior conviction for a sexually violent offense (sexual assault). It is undisputed that [petitioner] is required by article 62.058 [of the Texas Code of Criminal Procedure] to verify his registration once each year. And it is undisputed that [petitioner] committed the offense of failure to register by failing to notify law enforcement of a change in his address. Therefore, his offense was a third-degree felony.

(Mem. Op. 3-5, doc. 18-6 (citations omitted).)

Whether an offense has been properly enhanced under state law is generally not a matter of federal habeas relief. *See Rubio v. Estelle*, 689 F.2d 533, 536 (5th Cir. 1982); *Donald v. Jones*, 445 F.2d 601, 606 (5th Cir. 1971). Federal habeas relief will not issue to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also presented. *See Pemberton v. Collins*, 991 F.2d 1218, 1223 (5th Cir.1993). Petitioner fails to demonstrate how the enhancement implicates a federal constitutional violation. Accordingly, to the extent he claims his sentence was illegally enhanced, petitioner fails to

8

articulate and develop a federal constitutional claim.

### 3. Ineffective Assistance of Appellate Counsel

In his third and final ground, without further elaboration, petitioner merely claims that appellate counsel was ineffective because petitioner "presented [counsel] with paperwork to support his illegal sentence and [counsel] did nothing for [petitioner]. [Counsel] had fell below standards." (Am. Pet. 7, doc. 12.) Respondent contends that the claim was exhausted in state court because, although he did not raise the claim on appeal or in a state writ application, petitioner "brought it" to the Texas Court of Criminal Appeals in his petition for discretionary review. (Resp't's Answer 13, doc. 19.) The court finds support that while a petitioner need not file both a petition for discretionary review and a state application for habeas-corpus relief to exhaust a claim for federal habeas review, a claim raised for the first and only time in a petition for discretionary review is not exhausted for federal habeas-corpus purposes if, as in this case, the petitioner did not file a state application for habeas-corpus relief. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989); *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990). The Texas Court of Criminal Appeals generally does not entertain claims raised for the first time in a petition for discretionary review. *See Ex parte Queen*, 877 S.W.2d 752, 755 n.4 (Tex. Crim. App. 1994); *McDonald v. Davis,* No. 4:16-CV-404-Y,

9

2017 WL 1382931, at *1 (N.D. Tex. Apr. 18, 2017). *But see Kelly v. State,* 436 S.W.3d 313, 315 (Tex. Crim. App. 2014) (holding that "appointed [appellate] counsel has a duty, once he has filed a motion to withdraw from representation with accompanying *Anders* brief, to assist the appellant in filing a motion in the court of appeals for access to the appellate record if that is indeed what the appellant wants); *De La Rosa v. Davis,* No. B-17-CV-00099, 2018 WL 9118927, at *8 (S.D. Tex. July 25, 2018) (citing cases). Consequently, the claim is arguably unexhausted for purposes of federal habeas review.[1]

Nevertheless, even assuming the claim was properly exhausted, the claim is conclusory, with no legal or evidentiary basis. To succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show that his counsel's performance was deficient and prejudicial. *Smith v. Robbins,* 528 U.S. 259, 285 (2000). To demonstrate prejudice the petitioner must establish a reasonable probability that, but for his counsel's deficient representation, he would have prevailed in the appeal. *Id.* at 286. Petitioner's bald assertions are insufficient to support a claim for habeas relief. *Miller v. Johnson,* 200 F.3d 274, 282 (5th Cir. 2000); *Green v. Johnson,* 160 F.3d 1029, 1042 (5th Cir. 1998). He fails to show that he was

---

[1] The court notes that petitioner is not without an available state-court remedy. He may present his claim in a state habeas-corpus application under Texas Code of Criminal Procedure article 11.07.

10

denied effective assistance on appeal nor does he identify any non-frivolous issues that could have been raised on appeal and upon which he would have prevailed. Furthermore, the record refutes petitioner's assertion that counsel "did nothing" on his behalf. Counsel filed appellant's brief raising the same two claims petitioner now raises under grounds one and two in this petition, communicated with petitioner through correspondence, provided petitioner with a copy of the opinion and judgment of the court of appeals affirming the trial court's judgment, and instructed petitioner with regard to filing a petition for discretionary review in the Texas Court of Criminal Appeals. (PD-1224-18 Ext PDR 5, doc. 18-7; PD-1224-18 Orig. PDR 4, doc. 18-8.)

## VI. Conclusion

For the reasons discussed herein,

It is ORDERED that the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, denied. It is further ORDERED that a certificate of appealability be, and is hereby, denied.

SIGNED April **23**, 2020.

JOHN MCBRYDE
UNITED STATES DISTRICT JUDGE